# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF TEXAS
# AUSTIN DIVISION

| | | |
|---|---|---|
| **JABAAR L. JONES,** | § | |
| *Plaintiff* | § | |
| | § | |
| **v.** | § | **No.  1:26-CV-00733-DAE** |
| | § | |
| **UNITED STATES OF AMERICA,** | § | |
| *Defendant* | § | |

## ORDER AND REPORT AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

TO:   THE HONORABLE DAVID A. EZRA
        SENIOR UNITED STATES DISTRICT JUDGE

The undersigned submits this report and recommendation to the United States District Judge pursuant to 28 U.S.C. § 636(b) and Rule 1 of Appendix C of the Local Court Rules of the United States District Court for the Western District of Texas, Local Rules for the Assignment of Duties to United States Magistrate Judges.

Before the Court is Plaintiff Jabaar L. Jones's Application to Proceed *In Forma Pauperis*. Dkt. 2. Because Jones is requesting permission to proceed *in forma pauperis*, the undersigned must review and make a recommendation on the merits of his claims pursuant to 28 U.S.C. § 1915(e).

## I.       REQUEST TO PROCEED *IN FORMA PAUPERIS*

The Court has reviewed Jones's financial affidavit and determined Jones is indigent and should be granted leave to proceed *in forma pauperis*. Accordingly, the Court hereby GRANTS Jones's request for *in forma pauperis* status, Dkt. 2. The Clerk of the Court shall file the complaint without payment of fees or costs or giving security

1

therefor pursuant to 28 U.S.C. § 1915(a). This indigent status is granted subject to a later determination that the action should be dismissed if the allegation of poverty is untrue or the action is found frivolous or malicious pursuant to 28 U.S.C. § 1915(e). Jones is further advised that, although he has been granted leave to proceed *in forma pauperis*, a court may, in its discretion, impose costs of court at the conclusion of this lawsuit, as in other cases. *Moore v. McDonald*, 30 F.3d 616, 621 (5th Cir. 1994).

As stated below, the undersigned has made a § 1915(e) review of the claims made in this complaint and is recommending Jones's claims be dismissed under 28 U.S.C. § 1915(e). Therefore, service upon Defendant should be withheld pending the District Judge's review of the recommendations made in this report. If the District Judge declines to adopt the recommendations, then service should be issued at that time upon Defendant.

## II.    REVIEW OF THE MERITS OF THE CLAIM

Because Jones has been granted leave to proceed *in forma pauperis*, the undersigned is required by statute to review the Complaint. Section 1915(e)(2) provides in relevant part that "the court shall dismiss the case at any time if the court determines that … the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2). A complaint is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Siglar v. Hightower*, 112 F.3d 191, 193 (5th Cir. 1997). A

2

claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory." *Neitzke*, 490 U.S. at 327.

Pro se complaints are liberally construed in favor of the plaintiff. *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). However, pro se status does not offer a plaintiff an "impenetrable shield, for one acting pro se has no license to harass others, clog the judicial machinery with meritless litigation, and abuse already overloaded court dockets." *Farguson v. MBank Hou. N.A.*, 808 F.2d 358, 359 (5th Cir. 1986).

Jones brings one claim against Defendant United States of America (the "United States") under the Federal Tort Claims Act ("FTCA"), alleging that he "was subject to actions taken by employees of the Department of Veterans Affairs that [Jones] contends were improper and harmful." Dkt. 1, at 2. Specifically, Jones alleges that the Department of Veterans Affairs made a "management decision error" that "affect[ed] his employment." *Id.* Jones clarifies that his FTCA claim is "based on a management error and disagreement with the decision made," and not on discrimination. *Id.* Jones asserts that he exhausted his administrative remedies by filing an administrative claim with the Department of Veterans Affairs. *Id.* He further requests that the Court equitably toll the statute of limitations applicable to his claim because of a "residential house fire that rendered his home uninhabitable." *Id.*

Jones's FTCA claim fails. Initially, while the FTCA waives sovereign immunity for certain tort claims against the United States, "[t]he discretionary function exception is one of several limitations on the FTCA's waiver [of sovereign immunity].

3

The exception preserves the government's sovereign immunity when the plaintiff's claim is based on an act by a government employee that falls within that employee's discretionary authority." *Tsolmon v. United States*, 841 F.3d 378, 382 (5th Cir. 2016) (citing 28 U.S.C. § 2680(a)). The Supreme Court has devised a two-part test for applying the discretionary-function exception: (1) the challenged conduct must involve an element of judgment or choice; and (2) the judgment or choice must be based on considerations of public policy. *United States v. Gaubert*, 499 U.S. 315, 322-23 (1991). Here, Jones's claim falls within the discretionary-function exception because he complains of an employment decision made by employees of the Department of Veterans Affairs that involved discretion and public-policy concerns. Dkt. 1, at 2; *see also Dorsey v. Relf*, No. 4:12-CV-021-A, 2013 WL 791604, at *5 (N.D. Tex. Mar. 4, 2013) ("Decisions regarding hiring, supervising, training, and retaining employees involve many public policy considerations and matters of judgment and choice[.]"), *aff'd*, 559 F. App'x 401 (5th Cir. 2014); *Walding v. United States*, 955 F. Supp. 2d 759, 802 (W.D. Tex. 2013) ("Courts have ... generally held that decisions relating to hiring, training, and supervision of employees" are shielded by the discretionary-function exception). Jones's FTCA claim should be dismissed as barred by the doctrine of sovereign immunity.

In addition, Jones's FTCA claim is likely precluded by the Civil Service Reform Act ("CSRA"), which provides "comprehensive and exclusive procedures for settling work-related controversies between federal civil-service employees and the federal government." *Rollins v. Marsh*, 937 F.2d 134, 139 (5th Cir. 1991). The CSRA

4

preempts FRCA claims that could be brought under the CSRA. *Griener v. United States*, 900 F.3d 700, 702 (5th Cir. 2018) (holding that the "CSRA preempts FTCA claims that are based on employment decisions when the claims relate to the same facts under which a CSRA claim could be brought"). Here, Jones's FTCA claim arises from a disagreement about a management decision that affected Jones's employment at the Department of Veterans Affairs, which falls within the purview of the CSRA. Dkt. 1, at 2; *Montgomery v. U.S. Army Corps of Eng'rs*, 128 F. Supp. 2d 433, 435 (S.D. Tex. 2001) ("The CSRA provides the exclusive remedy for personnel decisions arising out of a federal employment relationship."). Jones's claim should also be dismissed as preempted by the CSRA. *Tubesing v. United States*, 810 F.3d 330, 332 (5th Cir. 2016) (affirming district court's dismissal for lack of subject-matter jurisdiction because a plaintiff's FTCA claims were precluded by the CSRA).

### III.    ORDER AND RECOMMENDATION

The undersigned hereby **GRANTS** Jones's Application to Proceed *In Forma Pauperis*. Dkt. 2. The undersigned **RECOMMENDS** the District Judge **DISMISS** Jones's cause of action without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B).

The referral of this case to the Magistrate Judge should now be canceled.

### IV.    WARNINGS

The parties may file objections to this report and recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are being made. The District Judge need not consider frivolous, conclusive, or general objections. *See Battle v. United States Parole Comm'n*, 834 F.2d

5

419, 421 (5th Cir. 1987). A party's failure to file written objections to the proposed findings and recommendations contained in this report within fourteen days after the party is served with a copy of the report shall bar that party from *de novo* review by the District Judge of the proposed findings and recommendations in the report and, except upon grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the District Judge. *See* 28 U.S.C. § 636(b)(1)(C); *Thomas v. Arn*, 474 U.S. 140, 150-53 (1985); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc).

SIGNED April 23, 2026.


DUSTIN M. HOWELL
UNITED STATES MAGISTRATE JUDGE