IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| JABAAR L. JONES, | § | No. 1:26-CV-00733-DAE |
| | § | |
| Plaintiff, | § | |
| | § | |
| vs. | § | |
| | § | |
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Defendant. | § | |

_____

## ORDER ADOPTING REPORT AND RECOMMENDATION AND DISMISSING CLAIM WITHOUT PREJUDICE WITH LEAVE TO AMEND

Before the Court is a Report and Recommendation (the "Report") submitted by United States Magistrate Judge Dustin Howell on April 23, 2026. (Dkt. # 5.)  Pro Se Plaintiff Jabaar L. Jones ("Plaintiff" or "Jones") filed Objections to the Report on May 12, 2026.  (Dkt. # 7.)  The Court finds these matters suitable for disposition without a hearing.  After reviewing the Report, the Court **ADOPTS** Judge Howell's recommendations and **DISMISSES WITHOUT PREJUDICE** Plaintiff's cause of action under the Federal Tort Claims Act pursuant to 28 U.S.C. § 1915(e)(2)(B).  However, Plaintiff is **GRANTED LEAVE TO AMEND**.

## BACKGROUND

The Court adopts Judge Howell's recitation of the facts.  Jones brings one claim against Defendant United States of America (the "United States") under

1

the Federal Tort Claims Act ("FTCA"), alleging that he "was subject to actions taken by employees of the Department of Veterans Affairs that [Jones] contends were improper and harmful." (Dkt. # 1 at 2.) Specifically, Jones alleges that the Department of Veterans Affairs made a "management decision error" that "affect[ed] his employment." (Id.) Jones clarifies that his FTCA claim is "based on a management error and disagreement with the decision made," and not on discrimination. (Id.) Jones asserts that he exhausted his administrative remedies by filing an administrative claim with the Department of Veterans Affairs. (Id.) He further requests that the Court equitably toll the statute of limitations applicable to his claim because of a "residential house fire that rendered his home uninhabitable." (Id.)

On April 23, 2026, Judge Howell issued his Report in the present case, recommending that the undersigned dismiss without prejudice Jones's cause of action pursuant to 28 U.S.C. § 1915(e)(2)(B). (Dkt. # 5.) Jones filed Objections to the Report on May 12, 2026. (Dkt. # 7.) The United States did not file a response.

APPLICABLE LAW

The Court must conduct a de novo review of any of the Magistrate Hightower's conclusions to which a party has specifically objected. See 28 U.S.C. § 636(b)(1)(C) ("A judge of the court shall make a de novo determination of those

2

portions of the report or specified proposed findings or recommendations to which objection is made."). The objections must specifically identify those findings or recommendations that the party wishes to have the district court consider. Thomas v. Arn, 474 U.S. 140, 151 (1985). A district court need not consider "[f]rivolous, conclusive, or general objections." Battle v. U.S. Parole Comm'n, 834 F.2d 419, 421 (5th Cir. 1987). "A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C).

Findings to which no specific objections are made do not require de novo review; the Court need only determine whether the Report is clearly erroneous or contrary to law. United States v. Wilson, 864 F.2d 1219, 1221 (5th Cir. 1989). Furthermore, "conclusory objections that fail to point out with specificity any error in the Magistrate Judge's analysis are not cognizable," and the Court here will not parse through the record to infer exactly what it is Plaintiff's objections are based upon. See Palomo v. Collier, No. 2-23-CV-37, 2024 WL 180852, at *2 (S.D. Tex. Jan. 17, 2024) (citing Fed. R. Civ. P. 72(b)(2); Malacara v. Garber, 353 F.3d 393, 405 (5th Cir. 2003); Edmond v. Collins, 8 F.3d 290, 293 n.7 (5th Cir. 1993)).

3

ANALYSIS

In his Report, Judge Howell first found that Jones's FTCA claim should be dismissed as barred by the doctrine of sovereign immunity.  (Dkt. # 5 at 4.)  In addition, Judge Howell found that Jones's FTCA claim is likely precluded by the Civil Service Reform Act ("CSRA"), which preempts claims that could be brought under the CSRA.  (Id. at 4–5.)

Jones objects that the Report "construes the Complaint too narrowly and characterizes the matter solely as a disagreement with a management decision."  (Dkt. # 7 at 1.)  Rather, Jones contends that his "allegations involve disability-related harm, denial of accommodations, unequal treatment, and adverse employment actions connected to Plaintiff's visual impairment and medical condition."  (Id.)  Plaintiff requests leave to amend his complaint "to more clearly allege disability-related facts, denial of accommodation, unequal treatment, and other employment-related harms."  (Id. at 3.)

However, Plaintiff's Complaint makes no mention of any disability, visual impairment, or other medical conditions, and in fact explicitly states that he "previously clarified to the Department of Veterans Affairs that his claim was *not intended to be based on discrimination*, but rather on the improper handling of a management decision . . . ."  (Dkt. # 1 at 2 (emphasis added).)  Thus, the Court finds no error in Judge Howell's determination.  Judge Howell did not improperly

construe the Complaint, and the Court finds no other determination to be clearly erroneous or contrary to the law.  However, considering Plaintiff's new allegations provided in his Objections and in light of his pro se status, the Court will grant Plaintiff leave to amend.

CONCLUSION

Based on the foregoing, the Court **ADOPTS** Judge Howell's Report and Recommendation (Dkt. # 5) as the opinion of the Court.  However, Plaintiff is granted leave to amend.  Plaintiff may amend his complaint within **THIRTY (30) DAYS** of this Order.  Failure to do will result in dismissal without prejudice.

**IT IS SO ORDERED.**

**DATE:** Austin, Texas, June 11, 2026.

_____

David Alan Ezra
Senior United States District Judge